IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CALVIN S. WEDINGTON #18915-037        *
    Plaintiff,
                                                     *
    v.                                                        CIVIL ACTION NO. DKC-11-1145
                                                   *
THALMA TAYLOR
MAGGIE MOYER                          *
SAMUEL LEE WEDINGTON
HOME BENEFICIAL INSURANCE             *
  COMPANY
    Defendants                        *
                                                ******

## MEMORANDUM OPINION

On May 2, 2011, the Clerk received Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff complains that members of his family refuse to provide information so that Plaintiff can contact his son and failed to promptly notify him of his mother's death. Plaintiff also seeks court assistance in obtaining any remaining monies from his mother's insurance policy. Plaintiff states he is indigent and requires appointment of counsel to pursue these claims. ECF No. 1.

Essential to sustaining an action under § 1983 are the presence of two elements. Plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). At most, the actions about which Plaintiff complains are matters involving a family dispute and payment under the terms of an insurance contract. These matters implicate state, not federal, law and as such are not subject to federal court review.

Plaintiff shall be granted leave to proceed in forma pauperis. As the complaint is subject to dismissal under 28 U.S.C. § 1915A (b)(1),[1] appointment of counsel shall be denied. A separate Order shall be entered in accordance with this Memorandum Opinion.

Date:   May 10, 2011                             /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge

---

[1] This statute requires court screening of prisoner actions to identify cognizable claims or dismiss the complaint or any portion of the complaint if it fails to state a claim upon which relief may be granted.